UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPH RIEDL,

      Petitioner,                                 Case No. 24-cv-10752
                                                         Hon. Matthew F. Leitman
v.

GARY MINIARD,

      Respondent.
_____/

**ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Christopher Riedl is a state inmate in the custody of the Michigan Department of Corrections. On March 25, 2025, Riedl filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) In the petition, Riedl seeks relief from his state-court convictions of two counts of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.521d(1)(d), and one count of assault with intent to commit criminal sexual conduct involving penetration, Mich. Comp. Laws § 750.520g(1). (*See id.*) He raises claims concerning the imposition of court costs and the state trial court's scoring of two offense variables of the Michigan sentencing guidelines. (*See id.*)

The Court has carefully reviewed the petition, and for the reasons explained below, it concludes that Riedl is not entitled to federal habeas relief. The Court

1

therefore **DENIES** the petition, **DENIES** Riedl a certificate of appealability, and **DENIES** Riedl leave to proceed *in forma pauperis* on appeal.

I

On April 1, 2022, Riedl pleaded guilty in the Allegan County Circuit Court to two counts of third-degree criminal sexual conduct and one count of assault with intent to commit criminal sexual conduct involving sexual penetration. (*See* Plea Hrg Tr., ECF No. 9-2.) On May 2, 2022, the state trial court sentenced him to concurrent terms of 85 months to 15 years in prison on the criminal sexual conduct convictions and a concurrent term of 36 months to 10 years in prison on the assault conviction. (*See* Sent. Hrg. Tr., ECF No. 9-3.)

Following his convictions and sentencing, Riedl filed an application for leave to appeal with the Michigan Court of Appeals. In that appeal, he raised the following claims:

> I. The Due Process Clauses of the federal and state constitutions require that a criminal case be processed before a neutral and fair judicial officer. Where MCL 769.1k(1)(b)(iii) authorizes courts to impose a purported tax to fund operating of the court system, the statute is facially unconstitutional.
>
> II. The Due Process Clause of the Fourteenth Amendment requires that an offender be sentenced only on accurate information. Offense Variable 10 is established by MCL 777.40 and requires by its express terms a preponderance of evidence to show predatory conduct directed at a victim to score 15 points. Recognized interpretations require that only

2

        pre-offense conduct have as its primary purpose exploitation of a vulnerability. Where no conduct meeting the definitions occurred, the trial court erred by assessing 14 points for OV 10.

    III.    The Due Process Clause of the Fourteenth Amendment requires that an offender be sentenced only on accurate information. Offense Variable 4 is established by MCL 777.34 and requires by its express terms a preponderance of evidence to show serious psychological injury to a victim caused by the offender. Recognized interpretations preclude assuming serious psychological injury. Where no injury or serious injury were identified in the record, the scoring of 10 points for OV 4 is plain error.

(ECF No. 9-4, PageID.136.)

    The Michigan Court of Appeals initially denied leave to appeal on the offense variable claims for lack of merit and held the imposition of costs claims in abeyance, and it later denied leave to appeal the cost costs claim as well. (*See People v. Riedl*, No. 363689 (Mich. Ct. App. Dec. 15, 2022, and Sept. 19, 2023), Ords., ECF No. 9-5, PageID.228-229.)   Riedl then filed an application for leave to appeal in the Michigan Supreme Court raising those same claims, and that court denied relief on the basis that it was "not persuaded that the questions presented should be reviewed by [that] court." *People v. Riedl*, 11 N.W.3d 273 (Mich. 2024).

    Riedl thereafter filed this federal habeas petition in which he raises the same claims that he presented to the state appellate courts. (*See* Pet., ECF No. 1.)

3

Respondent filed an answer to the petition in which he argued that Riedl's claims are not cognizable and/or fail for lack merit. (*See* Ans., ECF No. 8.)

## II

### A

The Court begins with Riedl's claim that the state trial court improperly assessed him certain court costs. In this claim, Riedel argues that the Michigan statute under which the state trial court assessed court costs is unconstitutional and deprived him of a neutral decision-maker with respect to whether court costs should be imposed. (*See* Pet., ECF No. 1.)

This Court cannot grant relief on that claim because it is not cognizable on federal habeas review. "Under § 2254, subject matter jurisdiction exists only for claims that a person is in custody in violation of the Constitution or laws or treaties of the United States." *Washington v. McQuiggin*, 529 F.App'x 766, 772 (6th Cir. 2013) (cleaned up). Thus, as the United States Court of Appeals for the Sixth Circuit has explained, a habeas petitioner's challenge to the imposition of court costs "is not cognizable because it does not challenge the fact or duration of [the petitioner's] confinement." *Warsaw v. Palmer*, 2017 WL 5201394, at *1 (6th Cir. Apr. 19, 2017) (denying application for certificate of appealability where petitioner claimed that he "was deprived of his due process right to contest the enforcement of an order to pay court costs and a partial fee for his court-appointed attorney"). *See*

*also Michaels v. Hackel*, 491 F.App'x 670, 671 (6th Cir. 2012) (citing cases and rejecting argument that challenge to a state court-imposed fine is sufficient to render petitioners "in custody" for purposes of district court habeas jurisdiction); *Washington*, 529 F.App'x at 772-73 (dismissing habeas claim challenging state-court imposed fees "because [the petitioner was] not claiming the right to be released" from custody); *Kennedy v. Nagy*, 2018 WL 3583212, at *2 (6th Cir. July 12, 2018) ("Kennedy argues that the trial court erred by ordering him to pay restitution, court costs, and attorney's fees without first considering his financial situation .... [T]hese claims are not cognizable in a federal habeas proceeding because noncustodial punishments do not satisfy the 'in custody' requirement of § 2254.").

Because this claim is not cognizable on federal habeas review, the Court cannot grant Riedl relief on this claim.

**B**

The Court next turns to Riedl's claims arising out of the state trial court's scoring of the sentencing guidelines. In these claims, Riedl asserts that he is entitled to habeas relief because the state trial court erred in scoring Offense Variables 10 and 4 of the state sentencing guidelines such that he was not sentenced based upon accurate information. Riedl is not entitled to relief on this claim for two reasons.

First. to the extent that Riedl contests the state trial court's scoring of certain offense variables under state law, this Court cannot grant him relief. A claim challenging the scoring of offense variables under the Michigan sentencing guidelines is not cognizable on federal habeas review because it is purely a state law claim. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only"); *Warsaw*, 2017 WL 5201394, at *1 ("Reasonable jurists could not debate the district court's conclusion that Warsaw's first and third grounds for relief are not cognizable on federal habeas review because, to the extent they are challenging state guidelines calculations, they raise issues of state law that are not cognizable in a § 2254 proceeding.").

Second, to the extent Riedl says that the state trial court violated his due process rights when it calculated his sentencing guidelines, he has not shown an entitlement to relief. The Supreme Court has held that a sentence may violate a defendant's due process rights where the sentence was "pronounce[d] ... on a foundation so extensively and materially false, which the prisoner had no opportunity to correct." *Townsend v. Burke*, 334 U.S. 736, 740-41 (1948). But Riedl has made no such showing here. He has not made any attempt to show how the

6

information relied upon by the state trial court was materially false. Moreover, he had a sentencing hearing before the state trial court with an opportunity to correct and/or contest the scoring of the offense variables, the guidelines, and the sentencing decision. He also raised his current sentencing issues on appeal in the state appellate courts and was denied relief. For all of these reasons, Riedl; has failed to show that the state trial court relied upon materially false or inaccurate information in imposing his sentences which he had no opportunity to correct. Riedl is therefore not entitled to habeas relief on this claim.

### III

For all of the reasons explained above, Riedl is not entitled to federal habeas relief. His petition for a writ of habeas corpus is therefore **DENIED**.

Before Riedl may appeal the Court's decision, he must receive a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be granted only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner may meet this standard by showing that reasonable jurists could debate whether the petition should have been determined in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Warsaw*, 2017 WL 5201334, at *1 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Riedl cannot meet that standard here. Reasonable jurists would not conclude that the

issues presented here deserve encouragement to proceed further. The Court therefore **DENIES** Riedl a certificate of appealability.

Finally, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Riedl leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:   January 9, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 9, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126